NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION

| | |
|---|---|
| PAMELA HARRIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KMART CORPORATION<br><br>　　　　　Defendant. | Civ. No. 11-17<br><br>OPINION |

THOMPSON, U.S.D.J.[1]

INTRODUCTION

This matter is before the Court upon the Motion to Dismiss of Defendant Kmart Corporation ("Defendant"). (Doc. No. 23). Plaintiff Pamela Harris ("Plaintiff") opposes. (Doc. No. 29). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Defendant's Motion will be granted.

BACKGROUND

At the time of the events that form the basis of Plaintiff's claims, Plaintiff was an employee at the Kmart in Fredricksted, St. Croix. (Doc. 29, Pl.'s Opp., Ex. A, at ¶ 3). During the morning of June 20, 2009 Plaintiff was at work in the Kmart store. (*Id*. ¶ 4). At 11:35 am, she clocked out for her lunch break, though she was allegedly not intending to eat lunch. (*Id*. ¶ 4–5). Instead, she was going to run errands with her daughter, but as she was leaving the store

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

she allegedly slipped on a puddle of liquid while still in the Kmart.  (*Id*. at ¶¶ 4–8).  Thereafter, Plaintiff instituted this tort suit and claims damages for the injuries she sustained as a result of that fall.  (Doc. No. 1, Compl., at ¶ 19).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion, a district court must conduct a three-part analysis: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).  Second, the court must accept all of plaintiff's well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff, though the court should disregard legally conclusory allegations.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id*. at 211.  It is not enough for a pleading to offer "only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" to survive a motion to dismiss; the plaintiff's allegations, taken together, must support a plausible claim under each cause of action.  *Id*. at 210.

## DISCUSSION

The basis of Defendant's Motion is that Plaintiff is statutorily prevented from pursuing a tort action for this injury by the Virgin Island's Workmen's Compensation Act (the "WCA")—specifically, 24 V.I.C. § 284, which provides that the WCA is the exclusive remedy for an injury sustained by an employee on the job.  Plaintiff admits that she was an employee of Defendant on the day of the accident and that Defendant had obtained worker's compensation insurance coverage per the requirement of the WCA; however, Plaintiff disputes that her injury "[arose]

out of and in the course of [her] employment," as is required by 24 V.I.C. § 252(a) for the WCA's preemption provision to apply.

The WCA specifies that "[i]njuries resulting from travel to and from home immediately before or after working hours and injuries resulting from travel to and from an eating place during an authorized break period shall be considered as arising out of and in the course of employment, provided that such travel is by a reasonably direct route." 24 V.I.C. § 252(a). Plaintiff argues that this provision does not apply to her circumstance because, although she had "clock[ed] out for [her] lunch break at approximately 11:35 a.m.," she was not actually going to an eating place, but was instead going to "run errands" with her daughter. (Doc. 29, Pl.'s Opp., Ex. A, at ¶¶ 4–7).

However, "the courts of the Virgin Islands have interpreted the time and place causation requirements of § 252(a) in an 'extremely broad' manner." *Chinnery v. Gov't of V.I.*, 8965 F.2d 68, 71 (3d Cir. 1989) (quoting *Jones v. James*, 17 V.I. 361, 364 (D.V.I. 1980); *see also Whitmore v. HEPC Sugar Bay, Inc.*, 2002 WL 31574132 at *3 (D.V.I. 2002); *Hammer v. Workmen's Compensation Comm'n*, 2 V.I. 56, 57 (D.V.I. 1945). Accordingly, the situation presented here must be considered to have arisen out of and in the course of Plaintiff's employment. There is no doubt that if Plaintiff had slipped on the liquid during her work shift that the WCA would prevent this suit; the same result would follow if Plaintiff had been leaving the Kmart to go to a restaurant for lunch or because her shift had ended. Plaintiff's injury occurred within the Kmart store, so it does not run afoul of the "reasonably direct route" exception in § 252(a). The simple fact that Plaintiff had the freedom to use her lunch break for running errands rather than going to a restaurant does not change the fact that her injury occurred while traveling during a break designed by the employer to allow employees to eat lunch. Under Plaintiff's interpretation of the

WCA, a worker in her same situation who left the Kmart at the end of the day intending to go to a restaurant or bar after work instead of going home would not be able to recover for injuries sustained while leaving the Kmart under the WCA.  This reading of the statute is hyper-literal and unreasonable.  Under any reasonable construction of the statute, Plaintiff's alleged injury must be viewed as having arisen out of and in the course of her employment, and thus the WCA provides her only remedy.

## CONCLUSION

For the forgoing reasons, Defendant's Motion will be granted.  An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.